UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

WILLIAM and MERCEDES BRAGG,  No. 14-10395

                Debtor(s).
_____/

Memorandum on Motion to Avoid Lien
_____

       Debtors William and Mercedes Bragg filed their Chapter 13 petition on March 18, 2014, valuing their property at 21475 Burndale Road, Sonoma, at $580,000. The have moved the court for an order avoiding the junior deed of trust, held by creditor Main Street Trust & Co. ("Main Street"). The amount owed to the holder of the first deed of trust is $633,188; if the value of the property is worth more than that, the junior lien is not avoidable.

       The debtor produced a qualified appraiser who testified to a value of $540,000. Main Street's appraiser, also qualified though less professional in demeanor, values the property at $780,000.

       Valuation of residential property is usually a straightforward affair, especially when both sides agree that the market approach is the best method of valuation. However, it is difficult in this case because the appraisers chose no overlapping comparable sales. The Braggs' appraiser could find no comparable sales near the subject property, so he chose to consider sales several miles away of homes similar in size and condition. Main Street's appraiser chose to compare the Braggs' property to sales of considerably nicer properties closer in location. Neither approach is per se better than the other,

1

1 though generally location is more important.

2 Though the court is not naive enough to believe that hired experts are always neutral, the court is bothered by the obvious advocacy of Main Street's appraiser for its position. He was combative under cross examination, and he did not explain why he chose to inspect the Braggs' property in the company of a principal of Main Street. The court accordingly heavily discounts his testimony, notwithstanding his qualifications as an appraiser. The Braggs' appraiser testified convincingly that he was not given any instructions by the Braggs other than to state his opinion of a fair value.

8 After considering all of the testimony, the court finds that the property was worth $600,000 on the date of bankruptcy and is today worth about $620,000. Accordingly, the motion will be granted. Counsel for the Braggs shall submit an appropriate form of order.

Dated: October 22, 2014

Alan Jaroslovsky
Chief Bankruptcy Judge

2